10-784-cv
Amarsingh v. Jet Blue Airways Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
         GERARD E. LYNCH,
                        *Circuit Judges*,
         DENISE COTE,
                        *District Judge.*[*]

_____

MALA AMARSINGH,
         *Plaintiff-Appellant*,

         v.                                    No. 10-784-cv

JETBLUE AIRWAYS CORPORATION,
         *Defendant-Appellee*.

_____

FOR APPELLANT:          Deirdre E. Hamilton, Association of
                        Flight Attendants, Washington, DC.

---

[*] Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEE:** Patricia G. Griffith, Ford & Harrison LLP, Atlanta, GA.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Mala Amarsingh was employed as a flight attendant for JetBlue Airways Corporation ("JetBlue") and, while working for JetBlue, participated in a campaign to unionize JetBlue's flight attendants. Amarsingh's employment was terminated shortly after an incident at the Las Vegas Airport (the "Las Vegas incident"), in which Amarsingh told an unruly JetBlue customer to "[g]et the fuck out of my face."

Following the termination of her employment, Amarsingh brought a wrongful discharge suit against JetBlue, alleging that the company unlawfully interfered with her right to participate in union-related activities, in violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 152, Third & Fourth. The district court granted summary judgment in JetBlue's favor, and Amarsingh now appeals. We assume the parties'

familiarity with the other facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo. Fagan v. N.Y. State Elec. & Gas Corp.*, 186 F.3d 127, 132 (2d Cir. 1999). Summary judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

JetBlue does not question the district court's determination that the relevant provisions of the RLA afforded Amarsingh an implied right of action against JetBlue. And neither party challenges the district court's decision to analyze Amarsingh's RLA claims under the *Wright Line* burden-shifting framework, which we have used to evaluate similar wrongful termination claims under the National Labor Relations Act. *See, e.g., NLRB v. G & T Terminal Packaging Co.*, 246 F.3d 103, 116 (2d Cir. 2001) (citing *Wright Line, A Division of Wright Line, Inc.*, 251 N.L.R.B. 1083, 1083-88 (1980)). We therefore address only whether the district court properly applied the *Wright Line* framework to the facts of this case.

Under this framework, the employee first bears the

burden of making out a *prima facie* case for wrongful termination. To do so, she must show by a preponderance of evidence that her "protected conduct was a 'substantial' or 'motivating' factor prompting the discharge." *G & T Terminal Packaging Co.*, 246 F.3d at 115. If the employee successfully meets this burden, the employer may avoid liability only if it demonstrates by a preponderance of the evidence "that it would have reached the same decision absent the protected conduct." *Id.* at 116.

The district court concluded that Amarsingh failed to carry her initial burden under the *Wright Line* test. In making this determination, the court relied on a four-pronged formulation of the "substantial or motivating factor" requirement, under which an employee must show that "(a) [s]he was engaged in activity protected by the RLA; (b) [the employer] was aware of that activity; (c) [the employer] harbored animus toward the protected activity; and (d) the animus was a causal factor in plaintiff's termination." *Beckett v. Atlas Air, Inc.*, 968 F. Supp. 814, 817 (E.D.N.Y. 1997) (citing *Carry Cos. Of Ill., Inc. v. NLRB*, 30 F.3d 922, 927 (7th Cir. 1994)). Both parties have relied on this four-part test on appeal, and we therefore assume its applicability to this case.

4

It is undisputed that Amarsingh participated in activities protected by the RLA and that JetBlue management was aware of Amarsingh's participation in these activities. And the record clearly supports a reasonable inference that JetBlue did not look favorably upon Amarsingh's ongoing protected activities. But we cannot conclude that the Amarsingh has raised a triable issue of fact regarding the causal connection between JetBlue's opposition to unionization and its decision to fire her. We therefore find that Amarsingh has failed to carry her burden with respect to the fourth requirement of the *Wright Line* test.

Amarsingh's behavior during the Las Vegas incident was manifestly enough to justify her discharge, and she has not proffered sufficient evidence to permit a jury to find, by a preponderance of the evidence, that anything other than this behavior was a substantial or motivating factor in her discharge. What she did was in clear violation of established JetBlue policy, which prohibits "all forms of threats, harassment or intimidation . . . including verbal, physical or psychological assaults by any Crewmember against another Crewmember, Customer or Business Partner," and which provides that JetBlue employees may be fired on account of "one occurrence of a severe single issue." What's more, she

herself admitted that shortly after the incident, she herself worried that her "us[e] of the F word" would lead to her getting fired. Significantly, Amarsingh did not imply that she feared a *retaliatory* firing; the clear implication of her testimony is that she understood that she had violated company policy in a manner that made discipline likely, and firing at least possible. Moreover, she has failed to identify even a single other instance in which JetBlue (or for that matter any other airline) has applied less severe disciplinary measures in response to similar behavior by a flight attendant.[1] The burden at this stage was hers, and that burden was not met.

Accordingly, we conclude that the district court properly granted summary judgment on the ground that Amarsingh failed to make out a *prima facie* case under the *Wright Line* test. For this reason, we need not and do not

---

[1] We do not suggest that *Wright Line* would *require* an employee to identify instances in which her employer (or a similarly-situated employer) treated identical behavior differently. But Amarsingh needed to give the factfinder some basis to conclude that her termination was something other than an ordinary disciplinary response to her behavior in Las Vegas. Given the absence of any other indicator to this effect, her failure to identify any episode in which JetBlue--or, indeed, other airlines--responded more leniently to comparable behavior by an employee not involved with the union is a relevant consideration.

address the district court's alternative holding that if Amarsingh had made out such a case, JetBlue would nonetheless have carried what would *then* have become its burden of showing that Amarsingh would have been fired even if she had not engaged in the protected activities.

We have considered Amarsingh's remaining arguments on appeal and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7